UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of February, two thousand and seven.

PRESENT:

        HON. AMALYA L. KEARSE,
        HON. GUIDO CALABRESI,
        HON. ROSEMARY S. POOLER,
                *Circuit Judges.*

---

ONEIL MYRON WILKS,

    *Petitioner,*

    v.                                No. 03-4837-ag

ALBERTO R. GONZALES, Attorney General of the United States,[*]

    *Respondent.*

---

    [*] Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R. App. P. 43(c)(2).

1

| | |
|---|---|
| For Petitioner: | JOSE L. DELCASTILLO, Del Castillo & Associates, LLC, Hartford, Conn. |
| For Respondent: | DIONE M. ENEA, Special Assistant United States Attorney (Scott Dunn, Assistant United States Attorney, *on the brief*), *for* Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, N.Y. |
| *Amicus* counsel: | Daniel A. McLaughlin and Michael Rato, Sidley Austin LLP, New York, N.Y. |

Petition for review from the Board of Immigration Appeals.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Oneil Myron Wilks ("Wilks"), a native and citizen of Jamaica and a legal permanent resident of the United States, petitions this court pursuant to § 242(a) of the Immigration and Nationality Act of 1952, as amended ("the Act" or "INA"), 8 U.S.C. § 1252(a), to review an April 7, 2003, order of the Board of Immigration Appeals ("BIA"). In that order, the BIA affirmed the January 9, 2001, decision of an immigration judge ("IJ") ordering Wilks removed from the United States on the basis of his conviction (entered by plea) for credit card theft in violation of Conn. Gen. Stat. 53a-128c, a crime for which he was sentenced to one year of imprisonment. Wilks argues that he is not subject to removal, because he is a derivative beneficiary of his father's United States citizenship or, in the alternative, because he can be

2

considered a national of the United States. We assume the parties' familiarity with the facts and the specific issues on appeal.

The procedural history of this case is long and winding, and we recount here only those portions necessary to understand the disposition of the instant petition. On June 19, 2006, we filed, with the government's stipulation, a non-dispositive summary order which ordered that the case be "held pending Wilks's effort in state court to reduce, *nunc pro tunc*, his criminal sentence by one day or more." *Wilks v. Gonzales*, 186 Fed. Appx. 93 (2d Cir. 2006) (citing *In re Cota-Vargas*, 23 I. & N. Dec. 849, 851 (BIA 2005) (court's *nunc pro tunc* reduction of sentence to less than 365 days "precludes the underlying conviction . . . from qualifying as an aggravated felony conviction" within the meaning of 8 U.S.C. § 1101(a)(43)(G))). Despite the government's commendable position,[1] however, on September 11, 2006, counsel for Wilks, Jose L. DelCastillo ("DelCastillo"), informed this court that "[w]e have reviewed the facts of *Cota-Vargas* against the facts of our clients [sic] case and concluded that to make a motion for this *nunc pro tunc* modification based on *Cota-Vargas* is not within the best interest [sic] of our client."

Following receipt of DelCastillo's letter, this court learned that DelCastillo had recently become the subject of a grand jury investigation. We ordered, on September 20, 2006, that *amicus* counsel be appointed to determine (1) whether the actual or potential conflict of interest resulting from such investigation was waivable; (2) whether, if the conflict was waivable, Wilks had in fact knowingly and voluntarily waived his right to unconflicted counsel; and (3) whether,

---

[1] Wilks's previous efforts to obtain citizenship had been dogged by INS errors. The government plausibly argued that those errors were no longer remediable. But in view of those errors, it recommended the above-mentioned actions.

3

in particular, Wilks had knowingly and voluntarily waived the relief possibly available to him under *Cota-Vargas*. *Amicus* counsel met with Wilks and, on November 15, 2006, filed a brief under seal with this court.

Subsequent to the filing of *amicus* counsel's briefing, DelCastillo was indicted in the District of Connecticut on violations of 18 U.S.C. §§ 2, 1001, and 1546. It was possible that *amicus* counsel's previous analysis of whether the potential or actual conflict of interest was waivable, and whether Wilks had in fact waived it, had been based on *amicus*'s assumptions about "the nature of the grand jury investigation, the facts about which[, at the time,] remain[ed] unclear." We therefore invited *amicus* counsel to indicate to us whether the indictment affected any part of the analysis in its brief.

In response, *amicus* counsel sent this court a 28(j) letter stating, *inter alia*, that they

> believe[] the indictment presents a sufficiently new conflict (over and above the mere existence of a grand jury investigation) that Connecticut ethical rules require that Mr. Del Castillo discuss the indictment with the Petitioner, explaining to him with specificity the nature of the charges, the potential conflicts that arise from the charges, and the potential outcome of the charges, and obtain his continuing consent to the representation. . . . Only in the event that Petitioner agrees to waive the conflict after being so informed by Mr. Del Castillo could this conflict be deemed waived.

In light of this letter, we ordered, on January 24, 2007, that DelCastillo make such disclosure to Wilks.

On February 13, 2007, *amicus* counsel informed this court, by letter, that Wilks had "confirmed that he had been provided with copies of both indictments against Mr. Del Castillo and that Mr. Del Castillo had explained the significance of the charges to him." Moreover, *amicus* counsel stated that they were "satisfied after questioning Mr. Wilks that he understood

1  the significance of the indictments and the potential conflict," yet "continues to consent to Mr.
2  Del Castillo's representation of him."

3  Having carefully reviewed the evidence, we agree with *amicus* counsel. We conclude (1)
4  that the indictment presents, in the particular circumstances of this case,[2] a waivable conflict, and
5  (2) that Wilks has in fact waived his right to unconflicted counsel, as well as the possibility of
6  relief under *Cota-Vargas*. As such, we must consider Wilks's assertions (1) that he is a
7  derivative beneficiary of his father's United States citizenship, and, alternatively, (2) that, on the
8  facts of this case, he should be considered a national of the United States.

9  We conclude that, in the particular circumstances of this case, neither of Wilks's
10 contentions has merit. Accordingly, the petition for review is DENIED. Our review having been
11 completed, the stays of removal that this court previously granted in this petition are VACATED.
12 We thank *amicus* counsel, Daniel A. McLaughlin and Michael Rato of Sidley Austin LLP, for
13 their commendable, assiduous efforts.

14
15                                             For the Court,
16                                             THOMAS ASREEN,
17                                             Acting Clerk of the Court

18                                             by: _____

19

---

[2] As *amicus* counsel notes, DelCastillo appears to have more than twenty appeals presently pending before the Board of Immigration Appeals. These appeals — and any other proceedings in which DelCastillo might currently be participating — may present distinct conflict issues from those involving Wilks, and we have no occasion to consider them here.