UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ONEIL MYRON WILKS, ET AL.,<br>    Petitioners,<br><br>v.<br><br>STEVEN J. FARQUHARSON, ET AL.,<br>    Respondents. | CIVIL ACTION NO.<br>3:00cv1815 (SRU) |

**RULING and ORDER**

Oneil Wilks ("Oneil") is a native and citizen of Jamaica. He came to the United States in 1991 to live with his father, Erik Wilks ("Erik"). Subsequently, an Immigration Judge ordered Oneil removed following a conviction for credit card theft. Oneil and Erik appealed that determination to this court on the basis that Oneil had obtained derivative citizenship through his father, pursuant to 8 U.S.C. § 1432. I stayed the case pending resolution of Oneil's claim in the Second Circuit Court of Appeals. In February 2007, the Second Circuit ruled in a Summary Order that Oneil had not obtained derivative citizenship. *Wilks v. Gonzales*, 2007 WL 631692 (2d Cir. 2007) (non-precedential summary order). Following the Court of Appeals' decision, I lifted the stay in this case and ordered further briefing.

Notwithstanding the Second Circuit's ruling, Erik Wilks, the only remaining petitioner in this case, seeks to assert third-party standing on behalf of his son and requests a declaratory judgment that Oneil Wilks automatically received derivative citizenship pursuant to 8 U.S.C. § 1432. He argues that the INS official who handled Oneil's original application for citizenship incorrectly told him that he was ineligible for citizenship because he was an illegitimate child.

Section 1432 provides in relevant part:

> A child born outside of the United States of Alien parents . . . becomes a
> citizen of the United States upon fulfillment of the following conditions . . .

>   (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . .

Assuming for present purposes that Erik Wilks has standing to challenge the status of his son's citizenship and that such a challenge is not foreclosed by the Second Circuit's February ruling, Erik Wilks has not shown that he is entitled to relief. There is no question that Erik Wilks became a naturalized citizen of the United States and had legal custody of Oneil Wilks. He has not shown, however, that he was legally separated from Oneil Wilks's mother. The Second Circuit has held that the plain language of section 1432(a)(3) requires the petitioner to show that the parents were legally separated. *Lewis v. Gonzales*, 481 F.3d 125, 129-32 (2d Cir. 2007). That is true even if the parents were never married. *Id.* Should it be impossible for parents to legally separate, the naturalized parent can, instead, rely upon 8 U.S.C. § 1433 to seek derivative citizenship for the child. *Id.* at 132.

In short, because the petitioner has not proven that he was legally separated from Oneil's mother at the time Oniel could have achieved derivative citizenship, his claim necessarily fails. Therefore, the complaint is dismissed. The clerk shall close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of July 2007.

/s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge